UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-82414-CIV-HURLEY
                                    MAGISTRATE JUDGE P. A. WHITE

ROGER V. DARVILLE,                      :

          Plaintiff,                    :

v.                                      :          REPORT OF
                                                MAGISTRATE JUDGE
                                        :
DEPUTY PINTO,
                                        :
          Defendant.
_____


                    I.   Introduction

     The plaintiff Roger Darville, currently incarcerated at the
Palm Beach Detention Center, has filed a pro se civil rights
complaint pursuant to 42 U.S.C. §1983, claiming denial of medical
treatment. The plaintiff is proceeding in forma pauperis. [DE# 2].
This case is before the Court upon the screening of the complaint
(DE#1).


                      II.   Analysis

     As  amended,  28  U.S.C.  §1915  reads  in  pertinent  part  as
follows:

          Sec. 1915 Proceedings in Forma Pauperis

                        *     *     *

               (e)(2) Notwithstanding any filing fee, or
          any portion thereof, that may have been paid,
          the court shall dismiss the case at any time
          if the court determines that –

                        *     *     *

          (B) the action or appeal –

                        *     *     *

(i)   is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are

2

construed in the light most favorable to Plaintiff.    <u>Davis v.</u>
<u>Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

     To determine whether a complaint fails to state a claim upon
which relief can be granted, the Court must engage in a two-step
inquiry.   First, the Court must identify the allegations in the
complaint that are not entitled to the assumption of truth. <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).   <u>Twombly</u>
applies to §1983 prisoner actions.  <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d
1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that
are] supported by mere conclusory statements."   Second, the Court
must determine whether the complaint states a plausible claim for
relief.  <u>Id.</u>  This is a "context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  The plaintiff is required to plead facts that show more
than the "mere possibility of misconduct."   The Court must review
the factual allegations in the complaint "to determine if they
plausibly suggest an entitlement to relief."   When faced with
alternative explanations for the alleged misconduct, the Court may
exercise its judgment in determining whether plaintiff's proffered
conclusion is the most plausible or whether it is more likely that
no misconduct occurred.[1]

     The plaintiff names as the sole defendant Deputy Pinto. He
states that on November 3, 2009, he was escorted from the phone to
his cell by Deputy Pinto when inmate Baptiste threw urine at him
out of a six ounce cup through a food slot. He claims that Deputy
Pinto violated his rights by allowing the food slot door to be
unsecured so that he could be assaulted. He further alleges that

---

     [1] The application of the <u>Twombly</u> standard was clarified in
<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

Deputy Pinto delayed in taking him to the medical department and that when he was seen, he was told he could have gotten a serious infection. He seeks monetary damages and injunctive relief in the form of having Deputy Pinto forced to take a leave of absence.

### Failure to secure the food slot

Although the inmate's behavior in throwing urine at the plaintiff was deplorable, there was no constitutional violation by Deputy Pinto in failing to secure the food slot. At most, if this were the job of Deputy Pinto, it would result in negligence.

### Delay and Denial of Medical Care

The plaintiff's allegation that Deputy Pinto delayed taking him to the medical department fails to allege an Eighth Amendment violation.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison

4

official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted).  [2]

### Deliberate Indifference

In this case, the plaintiff did not demonstrate a serious medical need. Urine was thrown at the plaintiff creating a possibility of illness. However, the plaintiff was seen by the medical department and does not allege that he suffered any physical injury or illness resulting from the incident. The plaintiff fails to allege that the Deputy's actions resulted in a level of deliberate indifference to a serious medical need resulting in a violation of a constitutional magnitude.

---

[2] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment standard.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

Conclusion

It is therefore recommended that this complaint be dismissed
for failure to state a claim pursuant to 28 U.S.C.
1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge
within fourteen days of receipt of a copy of  the report.

Dated at Miami, Florida, this 29th day of December, 2009.


_____
UNITED STATES MAGISTRATE JUDGE


cc:   Roger V. Darville, Pro Se
      Palm Beach County Jail
      Address of record